

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 25, 1969

Honorable F. B. Lloyd, Jr.          Opinion No. 454
District Attorney
70th Judicial District              Re: Changing salaries of
Alice, Texas 78332                      Justice of the Peace

Dear Mr. Lloyd:

You have requested an opinion from this office on the following questions:

"1.   Can the Commissioners Court of Brooks County, Texas lower the salary of Justice of the Peace Precinct No. 1 Brooks County, Texas, at any time other than at its first meeting in January?

"2.   Can the Commissioners Court of Brooks County, Texas raise the salary of the Justice of the Peace Precinct No. 3, Brooks County, Texas, at any time other than at its first meeting in January?

"3.   Can the Commissioners Court of Brooks County, Texas adjust the salaries of Justices of the Peace, Precincts 1 and 3 without raising or changing the salaries of the other Justices of the Peace?"

In your letter you stated that the Commissioners Court has recently re-districted the Justice of the Peace precincts of Brooks County, that the County has a population of about 8000 and that it is paying all of the Justices of the Peace on a salary basis.

Attorney General Opinion WW-1499 (1962) held that the method for determining and fixing the salary for Justices of the Peace and Constables is specifically prescribed in Article 3912i, Vernon's Civil Statutes, and controls in the

- 2251 -

counties falling within its population brackets. Article 3912i gives the Commissioners Court wide discretion in fixing salaries. There is no minimum salary prescribed, but maximum salary limits are set out. It specifically sets out that salaries do not have to be the same in each precinct.

Article 3912i, Vernon's Civil Statutes, reads, in part, as follows:

"Section 1. In each county in the State of Texas having a population of less than twenty thousand inhabitants according to the last preceding federal census where the precinct officials are compensated on a salary basis, the Commissioners Courts shall fix the salaries of the officials named in this Act at not more than Five Thousand Dollars ($5,000.00) per annum...

"Sec. 7. The provisions of this Act shall be applicable only to Justices of the Peace and Constables...

"Sec. 9. The Commissioners Courts shall not be required to fix the salaries in all precincts at equal amounts, but shall have discretion to determine the amount of salaries to be paid each Justice of the Peace and each Constable in the several precincts on an individual basis without regard to the salaries paid in other precincts or to other officials. In arriving at the compensation to be paid the officials governed by the provisions of this Act the Commissioners Courts shall consider the financial condition of their respective counties and the duties and needs of their officials, but in no event shall any Commissioners Court set the salary of any official at a figure in excess of the maximum compensation prescribed for the officials of that county by this Act,...

"(2) In the event there are any Justices of the Peace or Constables in the State of Texas who are now being paid salaries in excess of the amount

permissible under the provisions of this Act, this Act shall not be construed to require a reduction in the salaries being paid such officials so long as the present incumbents of such offices continue to hold such offices and perform the duties thereof, including both the present term for which they were elected and any terms for which they are re-elected; but in such cases, when the present incumbents of such offices vacate such offices for any reason, their successors in such offices shall receive not to exceed the maximum salaries fixed and determined in accordance with the provisions of this Act...

"Sec. 11. The Commissioners Court shall not exercise the authority vested in said court by virtue of this Act, except at regular meeting of said court...

"Sec. 15. The Commissioners Court in each county in the State is hereby authorized to increase the maximum compensation of each officer enumerated in this Act, as amended, in an additional amount not to exceed twenty percent (20%) of the maximum sum authorized by said Act, as amended; provided that no increased compensation shall be authorized pursuant to this Act except at a regular meeting of said Court following publication of notice at least two times, one time a week, in a newspaper of general circulation in such county, of the salaries intended to be raised at such meeting and the amount of such meeting and the amount of such proposed raise..."
(Emphasis added.)

Under the provisions of Section 2 of Article 3912e, Vernon's Civil Statutes, the Commissioners Court of all counties having a population of 20,000 or less, which includes Brooks County, must enter an order at its first meeting in January setting out whether certain precinct and county offices shall be placed on a fee or salary basis.

The provisions for fixing the salaries of justice of the peace are no longer governed by Article 3912e but are specifically set out in Article 3912i, which authorizes the

Court to fix salaries at any regular meeting, subject to certain requirements for notice, maximum salaries and reduction of salaries. A specifically prescribed method for setting salaries is held to exclude all other methods. <u>Vitopil v. Ware</u>, 280 S.W.2d 378 (Tex.Civ.App. 1955, no writ).

It is in the opinion of this office that the Commissioners Court of Brooks County, under the facts set out in your letter and pursuant to the provisions of Article 3912i, may set the salaries of the justice of the peace at any regular meeting of the Commissioners Court. Subject to compliance with Article 3912i, the answer to all of your questions is in the affirmative.

### S U M M A R Y

Salaries of Justice of the Peace for Brooks County are to be set under the provisions of Article 3912i, Vernon's Civil Statutes, and may be set at any regular meeting of the Commissioners Court.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William J. Craig
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice Chairman
Harold Kennedy
Wardlow Lane
Roland Allen
Jack Sparks

W. V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant